# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2012

No. 11-10548
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIMETRIACE EVA-LAVON JOHN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-177-3

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Dimetriace Eva-Lavon John of seven counts of conspiracy to commit access device fraud, access device fraud, and exceeding authorized access to a protected computer. She appeals her sentence of 64 months in prison and a three-year term of supervised release as substantively unreasonable, claiming that her sentence is unduly harsh because she is a first time offender and the intended loss amount overstates the severity of her crime.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10548

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). When, as here, a sentence is within a properly calculated guidelines range, it is entitled to a presumption of reasonableness that may be rebutted only on a showing that the sentence does not take into a account a factor that should receive significant weight, gives significant weight to factor that is irrelevant or improper, or "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The points raised by John do not meet this standard. Rather, her contentions amount to little more than a disagreement with the sentence. This is not enough to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Neither do these contentions suffice to show that we should reweigh the pertinent sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). As John has shown no error in connection with her sentence, the judgment of the district court is AFFIRMED.